THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. _____ |
| | § | (JURY) |
| v. | § | |
| | § | |
| SICO WHITE & BRAUGH, L.L.P., | § | |
| CRAIG M. SICO, JOHN T. FLOOD, | § | |
| L.L.P., AND JOHN T. FLOOD, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

### I. SUMMARY OF SUIT

1.    Plaintiff Benjamin Ramirez ("Ramirez") is a private investigator who was employed by the Defendant law firms, Sico White and Braugh, L.L.P. ("Sico, L.L.P.") and John T. Flood, L.L.P. ("Flood, L.L.P."). Ramirez, a non-exempt employee, performed investigative services for Sico, L.L.P. and Flood, L.L.P. but did not get paid overtime compensation for hours worked in excess of forty (40) hours per workweek. In addition, Ramirez had an agreement with each law firm providing for payment of a nondiscretionary bonus to Ramirez at the conclusion of cases.

2.    Defendants Craig M. Sico ("Sico") and John T. Flood ("Flood") are individuals engaged in commerce or the production of goods for commerce. Sico and Flood have each acted, directly or indirectly, in the interest of an employer with respect to Ramirez. Sico and Flood are personally liable for their law firm's violations of the FLSA by pursuant to 29 U.S.C. § 203(d)(2007).

See also <u>Donovan v. Sabine Irrigation Company</u>, 695 F.2d 190, 194-95
(5th Cir. 1983).

3.   Accordingly, Ramirez brings this action to recover unpaid
overtime wages, liquidated damages, and attorneys' fees owed to him
under the Fair Labor Standards Act, 29 U.S.C. Section
216(b)(2007)("FLSA") and other contractual nondiscretionary bonuses
due and owing to Ramirez.

## II. JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction under 29 U.S.C.
Section 216(b)(2007) and 28 U.S.C. Sections 1331 and 1367 (2007).

5.   Ramirez files this complaint in the district in which a
substantial part of the events giving rise to the claim occurred.
Accordingly, venue is proper in this district pursuant to 28 U.S.C.
Section 1391(b)(2007).

## III. THE PARTIES

6.   Ramirez was employed by Sico, L.L.P., Sico, Flood, L.L.P.
and Flood (collectively, the "Defendants") as an investigator
within the meaning of the FLSA during the three-year period
preceding the filing of this complaint.   Ramirez regularly worked
fifty (50) or more hours per week.   Ramirez received a semi-monthly
salary of $800.00 per week amounting to $20.00 per hour while
employed by Sico, L.L.P. and Sico.   Ramirez received a semi-monthly
salary of $769.00 per week amounting to $19.23 per hour while
employed by Flood, L.L.P. and Flood.   In performing his duties,

-2-

Ramirez engaged in commerce or in the production of goods for commerce.

7. Sico, L.L.P. is a domestic limited liability partnership specializing in the practice of personal injury litigation. Sico, L.L.P. is an enterprise engaged in commerce or the production of goods for commerce. In addition, Sico, L.L.P. has acted, directly or indirectly, in the interest of an employer with respect to Ramirez. Sico, L.L.P. may be served with process by serving Craig M. Sico at 900 Frost Bank Plaza, 802 North Carancahua, Corpus Christi, Texas 78470.

8. Defendant Sico is an individual engaged in commerce or the production of goods for commerce. Sico has acted, directly or indirectly, in the interest of an employer with respect to Ramirez. As such, Sico is personally liable for Sico, L.L.P.'s violations of the FLSA by pursuant to 29 U.S.C. § 203(d)(2007). See also Donovan v. Sabine Irrigation Company, 695 F.2d 190, 194-95 (5th Cir. 1983). Sico may be served with process at his place of business by serving Craig M. Sico at 900 Frost Bank Plaza, 802 North Carancahua, Corpus Christi, Texas 78470.

9. Defendant Flood is an individual engaged in commerce or the production of goods for commerce. Flood has acted, directly or indirectly, in the interest of an employer with respect to Ramirez. As such, Flood is personally liable for Flood L.L.P.'s violations of the FLSA by pursuant to 29 U.S.C. § 203(d)(2007). See also

<u>Donovan v. Sabine Irrigation Company</u>, 695 F.2d 190, 194-95 (5th Cir. 1983). Flood may be served with process at his place of business by serving John T. Flood, 900 Frost Bank Plaza, 802 North Carancahua, Suite 900, Corpus Christi, Texas 78470.

10. Flood, L.L.P. is a domestic limited liability partnership specializing in the practice of personal injury litigation. Flood, L.L.P. is an enterprise engaged in commerce or the production of goods for commerce. In addition, Flood, L.L.P. has acted, directly or indirectly, in the interest of an employer with respect to Ramirez. Flood, L.L.P. may be served with process by serving John T. Flood, at 900 Frost Bank Plaza, 802 North Carancahua, Suite 900, Corpus Christi, Texas 78470.

## IV. BACKGROUND

11. Defendants Sico, L.L.P. and Flood, L.L.P. are law firms specializing in the practice of personal injury litigation. Ramirez was employed by Sico, L.L.P. from March 3, 2003 through March of 2005 to perform investigative services. Ramirez was employed by Flood, L.L.P. from April of 2005 through July of 2006 to perform investigative services.

12. Ramirez regularly worked in excess of forty (40) hours per week while employed by the Defendants. However, Ramirez was not paid at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours each workweek. Instead, Ramirez received a semi-monthly salary and periodic

nondiscretionary bonuses.

## V. CAUSES OF ACTION

### Unpaid Overtime

13.  Although Ramirez worked more than forty (40) hours per week for the Defendants, he was not compensated for his overtime hours at one and one-half times his regular rate.  Rather, Ramirez was paid a salary and received periodic nondiscretionary bonuses.

14.  As a non-exempt employee, Ramirez was entitled to be paid time and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2007).  Accordingly, the Defendants' practice of failing to pay Ramirez overtime compensation is a clear violation of the FLSA.

15.  No exemption excuses the Defendants from paying Ramirez overtime rates for hours worked over forty (40).  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding overtime compensation with respect to Ramirez.

16.  Accordingly, Ramirez is entitled to overtime pay in an amount which is one and one-half times his appropriate regular rate.  Additionally, Ramirez is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.  Finally, Ramirez is entitled reasonable attorneys' fees and costs of this

action. 29 U.S.C. Section 216(b)(2007).

## Breach of Contract

17. Ramirez had an oral agreement with each Defendant that Ramirez would receive bonuses at the conclusion of cases as part of his compensation for the performance of investigative services.

18. Although each Defendant initially paid Ramirez the bonuses as agreed, the Defendants eventually failed to honor their agreements with Ramirez.

19. Despite the fact that Ramirez met all of his obligations and conditions precedent under the terms of the agreements, the Defendants ultimately failed and refused to honor the terms of the agreements. These breaches have resulted in harm and damages to Ramirez for which he now sues.

20. Ramirez has had to employ counsel for which he seeks reasonable attorneys' fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code. Ramirez has met all conditions precedent to the recovery of attorneys' fees.

## Fraudulent Inducement

21. The Defendants' promise to pay Ramirez bonuses and subsequent failure to pay such bonuses as promised constitutes fraudulent inducement to contract. In that regard, a cause of action for fraud is established when the following can be shown:

a. a material misrepresentation;

-6-

b.   a false representation;

c.   when   made,   the   party   knew   that   the
     representation was false or made it recklessly
     without knowledge of the truth;

d.   the representation was made with the intention
     that it would be acted upon by the other
     party;

e.   a party acted in reliance upon the false
     representation;   and

f.   resulting damage.

22.   The Defendants represented to Ramirez that he would be
paid bonuses at the conclusion of cases in return for the
performance   of   investigative   services.   In   reality,   the
representations were false and, moreover, the Defendants knew they
were false at the time they were made.   The Defendants represented
the information to Ramirez with the intention that it be acted upon
by him.   Ramirez acted in reliance upon the representations and was
damaged as a result in an amount within the jurisdictional limits
of this Court for which amount Ramirez now sues.

## VIII.   PRAYER

WHEREFORE, Ramirez requests that this Court award Ramirez
judgment against Sico White & Braugh, L.L.P., Craig M. Sico, John
T. Flood, L.L.P. and John T. Flood for:

1.   damages for the full amount of his unpaid overtime
     compensation;

2.   an amount equal to his unpaid overtime compensation
     as liquidated damages;

3.   actual damages;

-7-

4.      reasonable attorneys' fees, costs and expenses of
        this action;

5.      pre-judgment interest and post-judgment interest at
        the highest rates allowable by law; and

6.      such other and further relief as may be allowed by
        law.

Respectfully submitted,

Mark Siurek
TBA# 18447900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
BENJAMIN RAMIREZ

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

-8-